17 U.S. 311
 4 L.Ed. 578
 4 Wheat. 311
 MILLER, for the use of the UNITED STATES,
v.
NICHOLLS.
 March 9, 1819
 
 1
 ERROR to the Supreme Court of the State of Pennsylvania. The case agreed in the court below, stated, that William Nicholls, collector, &c., being indebted to the United States of America, on the 9th of June 1798, executed a mortgage to Henry Miller, for the use of the United States, in the sum of $59,444, conditioned for the payment of $29,271, payable, $9757 on or before the 1st of January 1799; $9757 on or before the 9th of June 1799; and $9757 on or before the 9th of September 1799. A scire facias was issued upon the said mortgage, returnable to September term of the said supreme court of Pennsylvania, in the year 1800, and judgment thereupon entered up, in the said supreme court, on the 6th of March 1802, and thereupon, a levari facias issued, and was levied upon the property of the said William Nicholls, and the same being sold to the highest bidder, for the sum of $14,530, the same was brought into court, and is now deposited in the hands of the prothonotary of said court, subject to the orders of the same court. That, on the 22d of December 1797, the accounts of the said William Nicholls with the commonwealth of Pennsylvania were settled by the comptroller and register-general of the commonwealth. (Prout account and settlement.) That an appeal from said settlement was filed in the office of the prothonotary of the said supreme court, on the 9th day of March 1798, and judgment thereupon entered in favor of the commonwealth, against the said William Nicholls, in the said supreme court, on the 6th of September 1798, for the sum of $9987.15.
 
 
 2
 Upon the preceding statement, the following question is submitted to the consideration of the court: Whether the said settlement of the said public accounts of the said William Nicholls, as aforesaid, on the 22d of December 1797, was, and is, a lien, from the date thereof, upon the real estate of the said William Nicholls, and which has since been sold as aforesaid.
 
 
 3
 A. J. DALLAS, for the United States.
 
 
 4
 J. B. McKEAN, for the Commonwealth of Pennsylvania.
 
 
 5
 December 2d, 1803.
 
 
 6
 The supreme court of Pennsylvania, on the 21st of March 1805, on motion of Mr. McKean, attorney-general of the said commonwealth, made a rule on the plaintiff in error, to show cause why the amount of the debt due to the said commonwealth should not be taken out of court. And on the 22d of March 1805, Alexander James Dallas, the attorney of the United States for the district of Pennsylvania, came into court and suggested, 'that the commonwealth of Pennsylvania ought not to be permitted to have and receive the money levied and produced by virtue of the execution in the suit, because the said attorney, on behalf of the United States, saith, that as well by virtue of the said execution, as of divers acts of congress, and particularly of an act of congress, entitled 'an act to provide more effectually for the settlement of accounts between the United States and receivers of public moneys,' approved the 3d of March, 1797, the said United States are entitled to have and receive the money aforesaid, and not the said commonwealth of Pennsylvania.
 
 
 7
 A. J. DALLAS.'
 
 
 8
 The record then proceeds as follows: 'And now, to wit, this 13th day of September 1805, the motion of the attorney-general, to take the money out of court, was granted by the unanimous opinion of the court.' (See 4 Yeates 251.) The proceedings were afterwards brought before this court by writ of error.
 
 
 9
 March 9th, 1819.
 
 
 10
 Sergeant, for the defendant in error, moved to dismiss the writ of error, in this cause, for want of jurisdiction, under the judiciary act of the 24th of September 1789, § 25; it nowhere appearing, upon the face of the record, that any question arose respecting the validity of any treaty or statute of the United States, or of any statute of the state, upon the ground of its repugnancy to the constitution or laws of the United States. Martin v. Hunter's Lessee, 1 Wheat. 304; Inglee v. Coolidge, 2 Ibid. 363.
 
 
 11
 The Attorney-General, contr a.
 
 
 12
 MARSHALL, Ch. J., delivered the opinion of the court.
 
 
 13
 The question decided in the supreme court for the state of Pennsylvania respected only the construction of a law of that state. It does not appear, It does not appear, from the record, that either the constitutionality of the law of Pennsylvania, or any act of congress was drawn into question.
 
 
 14
 It would not be required, that the record should, in terms, state a misconstruction of an act of congress or that an act of congress was drawn into question. It would have been sufficient, to give this court jurisdiction of the cause, that the record should show that an act of congress was applicable to the case. That is not shown by this record. The act of congress which is supposed to have been disregarded, and which, probably, was disregarded by the state court, is that which gives the United States priority in cases of insolvency. Had the fact of insolvency appeared upon the record, that would have enabled this court to revise the judgment of the supreme court of Pennsylvania. But that fact does not appear. No other question is presented than the correctness of the decision of the state court, according to the laws of Pennsylvania, and that is a question over which this court can take no jurisdiction. The writ of error must be dismissed.
 
 
 15
 Writ of error dismissed.