CHARLES A. DAVIS, CONSUL GENERAL OF THE KING OF SAXONY, PLAINTIFF IN ERROR v. ISAAC PACKARD, HENRY DISDIER AND WILLIAM MORPHY, DEFENDANTS IN ERROR.

Motion to dismiss a writ of error to " the court for the correction of errors in the state of New York." The case went up to that court upon a writ of error to the supreme court of New York, and in the court for the correction of errors, the plaintiff in error assigned for error: that he was, at the time of the commencement of the suit, and continued to be consul general in the United States of the king of Saxony; and so being consul general, he ought to have been impleaded in some district court of the United States, and that the supreme court of New York had not jurisdiction of the case. The defendants answered that in the record of the proceedings of the supreme court, it no where appears that the plaintiff in error was ever consul of Saxony. The record states that the court for the correction of errors, having fully understood the causes assigned for error, and inspected the record, did order and adjudge that the judgment of the supreme court should be affirmed. Affidavits of the proceedings in the highest court of the state of New York, and the opinion of the chancellor, assigning his reasons for affirming the judgment of the supreme court, were laid before this court. " Whatever took place in the state court, which forms no part of the record sent up to this court, must be entirely laid out of view. This is the established course of the court. The question before this court is, whether the judgment was correct, not whether the ground on which that judgment was given was correct."

The fact that the plaintiff in error was the consul general of the king of Saxony, is not denied by the joinder in error. The answer given is, that it no where appears by the record, proceedings, or judgment of the supreme court that he was such consul. The court of errors say, after having examined and fully considered the causes assigned for error, they affirm the judgment of the supreme court. This was deciding against the privilege set up under the act of congress, which declares that the district courts of the United States shall have jurisdiction, exclusive of the courts of the several states, of all suits against consuls and vice consuls.

It has been settled, that in order to give jurisdiction to this court under the twenty-fifth section of the judiciary act, it is not necessary that the record should state, in terms, that an act of congress was in point of fact drawn in question. It is sufficient if it appears from the record that an act of congress was applicable to the case, and was misconstrued; or the decision of the state court was against the privilege or exemption specially set up under such statute.

ERROR to the court for the correction of errors of the state of New York.

The now defendants in error, Isaac Packard, Henry Disdier and William Morphy, brought an action of debt, on a re-

cognizance of bail, against the now plaintiff in error, Charles A. Davis, in the supreme court of judicature of the state of New York; the writ of capias ad respondendum in which action was returnable in January term 1830. The defendant, Mr Davis, appeared by attorney, and pleaded several pleas in bar, upon which issues were taken, both in fact and in law. The issues were determined against the defendant, and final judgment was rendered against him at the May term of the said supreme court, for four thousand five hundred and thirty-eight dollars and twenty cents debt, and four hundred and sixty-nine dollars and nine cents damages and costs.

Upon that judgment a writ of error was brought to the court for the correction of errors,—being the highest court of the state of New York,—and the plaintiff in error assigned error in the following words:

" Afterwards, to wit, on the first day of September in the year of our Lord one thousand eight hundred and thirty, before the president of the senate, senators, and chancellor of the state of New York, in the court for the correction of errors, at the city hall of the city of New York, comes the said Charles A. Davis, by Andrew S. Garr, his attorney, and says, that in the record and proceedings aforesaid, and also in giving the judgment aforesaid, there is manifest error in this, to wit, that he, the said Charles A. Davis, before and at the time of the commencement of the suit of the said Isaac Packard, Henry Disdier and William Morphy, against him the said Charles A. Davis, was, and ever since hath continued to be, and yet is consul-general of his Majesty the king of Saxony, in the United States, duly admitted and approved as such by the president of the United States. That being such, he ought not, according to the constitution and laws of the United States, to have been impleaded in the said supreme court, but in the district court of the United States for the southern district of New York, or in some other district court of the said United States, and that the said supreme court had not jurisdiction, and ought not to have taken to itself the cognizance of the said cause; therefore, in that there is manifest error: and this he, the said Charles A. Davis, is ready to verify:—wherefore, he prays that the judgment aforesaid, for the error aforesaid, may be revoked, annulled, and altogether held for nothing, and that

[Davis v. Packard and others.]

he may be restored to all things which he hath lost by occasion of the judgment aforesaid."

To the foregoing assignment, the following joinder in error was put in:

" And the said Isaac Packard and others, defendants in error, before the president of the senate, senators, and chancellor of the state of New York, in the court for the correction of errors, at the city hall of the city of New York, by David Dudley Field, their attorney, come and say, that there is no error in the record and proceedings aforesaid, nor in the giving of the judgment aforesaid, because they say, that it nowhere appears, by the said record, proceedings or judgment, that the said Charles A. Davis ever was consul of the king of Saxony; and they pray that the said court for the correction of errors may proceed to examine the record and proceedings aforesaid, and the matters aforesaid, above assigned for error, and that the judgment aforesaid may be in all things affirmed."

The cause was argued upon the assignment and joinder, and the court for the correction of errors subsequently affirmed the judgment of the court below, with double costs, to be paid by the plaintiff in error.

Mr Sedgwick moved to dismiss the writ of error, for want of jurisdiction in this court.

He stated, that the error now assigned is, that the plaintiff is a consul of the king of Saxony, and was so at the time the action was instituted against him. This allegation was not made in the supreme court; and did not appear until the assignment of errors in the court of errors

The question is presented to this court, whether a consul who submits himself to the jurisdiction of a state court, by entering into a recognizance of bail in an action depending in such a court, can take advantage of a want of jurisdiction without pleading it: can such a party plead his privilege in a court of errors, who has neglected to plead it in the courts below?

When this case came before the court of errors, the plaintiff in error here, filed a plea stating his privilege as consul, and claimed that the courts of the United States had exclusive jurisdiction in suits against ministers and consuls.

No question came before the court of errors involving either

the construction or the validity of any law of congress, or of any commission issued under the authority of such law. The court of errors had no right to receive or try such a question.

This position will be established by the decisions of the courts of New York, as to the jurisdiction of the court of errors. That court is only an appellate court.

To sustain the right of the court of errors to take cognizance of the plea of the defendant there, it must be shown that the court has jurisdiction of errors in fact. By the provisions of the constitution of the state of New York establishing that court, in all cases where writs of error are prosecuted to the supreme court, the judges of the supreme court are required to assign the reasons of their judgment in writing. It is only upon the judgment of the court below the court of errors acts; and if the questions presented to the court of errors have not been submitted below, there can be nothing for the revision or action of the highest court. And this is the construction which has been given by the legislature to the constitution. Cited, 1 Revised Laws of New York. 1st section, 5th article of the Constitution of the State of New York. Ibid. 165, section 4. 2 Cowen, 50. 2 Wendell, 144. Also the opinion of chancellor Walworth in this case, MS.

If the court of errors had no jurisdiction of the matters set forth in the plea, the validity of no part of the constitution of the United States, or of any act of congress, could have been drawn in question in its decision of the case. It never could have been intended by the constitution to interfere with the distribution of the powers of state courts under their constitutions and laws; and to say that a court of the last resort in a state, should not be restricted to the revision and correction of errors in the inferior courts.

The error of the argument to sustain the jurisdiction of this court in the case before it, arises from inadvertence to the distinction between courts of limited and of general jurisdiction; and no case can be found in the books where courts of the former character have properly gone out of the limits imposed by their constitution, to assume jurisdiction. The jurisdiction of the court of errors of New York is strictly limited by the constitution.

It must be decided by this court that the court of New York

erred, when it had no right to give a judgment on the suggestion of consular privilege, when the question of that privilege could not be decided by them, nor could that court direct an issue in fact to ascertain the fact asserted in the suggestion.

There is no necessity to sustain the jurisdiction of this court over the case before them, in order to give the protection to the rights of consuls, which is secured to them by the constitution of the United States. That protection should be asserted by plea or suggestion in the lower court, and if this has been omitted, a writ of error corum vobis in the inferior court would enable it to ascertain the privilege, and allow it.

Mr J. M. White, with whom was Mr A. S. Garr, for the plaintiff in error, and in support of the jurisdiction of this court, presented three points for the consideration of the court.

1. The defendant in the supreme court of the state of New York, being a foreign consul, that court had no jurisdiction of the action.

2 The defect of jurisdiction was not cured by the defendant's appearing and pleading to the action, and omitting to take the objection in the supreme court.

3. Although the want of jurisdiction does not appear on the face of the record of the supreme court, their judgment was nevertheless erroneous; and as such want of jurisdiction appeared by the pleadings in the court for the correction of errors, the judgment ought, for that cause, to have been there reversed.

It is alleged that this court cannot have jurisdiction of this case, because the constitution and laws of the state of New York have so regulated the powers of the court of errors of New York, that a privilege to which the plaintiff in error is entitled under the constitution of the United States, could not be maintained or asserted before that court.

It cannot be that state regulations can take away such a privilege. This would give to a state the power so to arrange the jurisdiction of her courts, as that the privilege of a consul might be excluded and destroyed. It is important for the peace of the United States, that such protection as consuls are entitled to by the laws of nations, shall be secured to them: and if the courts of the United States have not exclusively the

cognizance of cases affecting them, there will be no certain and general rules by which their privileges and rights will be maintained and protected.

The constitution of the United States and the judicial act of 1789, have been drawn in question before the court of errors of the state of New York, and that court has decided against a right and a privilege claimed under the second section of the third article of the constitution of the United States, which declares, that "the judicial power of the United States shall extend to all cases affecting ambassadors, other public ministers and consuls. In such cases, the Supreme Court shall have original jurisdiction." The ninth section of the judicial act of 1799, gives to the district courts of the United States "jurisdiction, exclusively of the courts of the several states, of all suits against consuls, or vice consuls," except for officers of the description stated in the act.

These provisions of the constitution and of the act of congress, go to the foundation of the action; and the right of a consul to exemption from state jurisdiction need not be pleaded in abatement.

It is not a case in which concurrent jurisdiction exists in the state courts, and those of the union. The courts of the United States have exclusive jurisdiction of suits against consuls; and the consent of the consul could not give jurisdiction to the state court. The State of Georgia v. Madrazzo, 2 Peters. 1 Binney, 138.

The statutes of New York which regulated the proceedings of the court of errors of New York, and the constitutional provisions relative to that court, have been changed since this suit was originally instituted. Revised Statutes of New York, 601. Formerly an infant and a married woman might plead their disabilities in the court of errors, and that court would direct an issue in fact to determine the truth of the plea. If, by a statute of New York in full force when this suit was commenced in the inferior court, such were the privileges of infancy and coverture in the court of errors, why should not the exemption claimed by a consul be tried by an issue in the same court? This court will never admit, that a state can pass laws which will exclude the exemption from the operation of the state laws; and subject to the jurisdiction of the

courts of a state, those who, by the constitution of the United States, are protected from such jurisdiction, and this by preventing the court of the state from taking notice of a plea of such exemption.

The constitution and laws of the United States do not point out how or where the consular exemption from state jurisdiction shall be pleaded; and it cannot be left to a state to regulate these. Cited in the argument, 2 Cranch, 125; 19 Johns. Rep. 33, 40; 9 Cowen, 227; Hickie v. Starke, 1 Peters, 98; Wilson v. The Black Bird Creek Marsh Association, 2 Peters, 250; 12 Johns. 493; 17 Johns. 468; 16 Johns. 341; 2 Cowen, 31; 2 Cranch, 126; 3 Caines, 129.

The court held this case under advisement until January term 1832, when,

Mr Justice THOMPSON delivered the opinion of the Court:

This case comes up on a writ of error to the court for the correction of error in the state of New York, being the highest court of law in that state in which a decision in this suit could be had. And a motion has been here made to dismiss the writ of error for want of jurisdiction in this court.

From the record returned to this court, it appears, that the cause went up to the court for the correction of errors in New York upon a writ of error to the supreme court of that state; and that in the court of errors, the plaintiff assigned as error in fact, that he Charles A. Davis, before and at the time of the commencement of the suit against him, was, and ever since hath continued to be, and yet is consul general in the United States of his majesty, the king of Saxony, duly admitted and proved as such by the president of the United States. And being such consul, he ought not, according to the constitution and laws of the United States, to have been impleaded in the said supreme court, but in the district court of the United States for the southern district of New York, or in some other district court of the said United States, and that the said supreme court had not jurisdiction, and ought not to have taken to itself the cognizance of the said cause. To this assignment of errors, the defendants in error answered, that there is no error in the record and proceedings aforesaid, nor in giving the judgment aforesaid, because they say, that it no

where appears by the said record, proceedings, or judgment, that the said Charles A. Davis ever was consul of the king of Saxony, and they pray that the said court for the correction of errors may proceed to examine the record and proceedings aforesaid, and the matter, aforesaid, *above assigned for error*, and that the judgment aforesaid may be in all things affirmed.

The record then states: whereupon the court for the correction of errors, after having heard the counsel for both parties, and diligently examined, and fully understood, the *causes assigned for error*, and inspected the record and process aforesaid, did order and adjudge that the judgment of the supreme court be in all things affirmed.

The motion made in this court to dismiss the writ of error is founded and resisted upon affidavits, on each side, disclosing what took place in the court of errors in New York, on a motion there made to dismiss the writ of error to the supreme court of that state: and the opinion of the chancellor delivered in the court of errors, assigning his reasons for affirming the judgment of the supreme court, has also been laid before us.

We cannot enter into an examination of that question at all: whatever took place in the state court which forms no part of the record sent up to this court, must be entirely laid out of view. This is the established course of this court: and neither the opinion of the chancellor, or the proceedings on the motion, forms a part of the record. 12 Wheat. 118. The question before this court is, whether the judgment was correct, not the ground on which that judgment was given. 6 Wheat. 603.

It has also been settled, that in order to give jurisdiction to this court under the twenty-fifth section of the judiciary act, (2d vol. L. U. S. 65) it is not necessary that the record should state in terms, that an act of congress was in point of fact drawn in question. It is sufficient, if it appears from the record that an act of congress was applicable to the case, and was misconstrued, or the decision in the state court was against the privilege or exemption specially set up under such statute. 4 Wheat. 311; 2 Peters, 250; 3 Id. 301; 4 Id. 429. How stands the record, then, in this case? Charles A. Davis alleges, that he is consul general of the king of Saxony in the United States, and that he is thereby privileged from being

[Davis v. Packard and others.]

sued in the state court, according to the constitution and laws of the United States. The fact of his being such consul is not denied by the joinder in error. The answer given is, that it no where appears by the record, proceedings, or judgment of the supreme court, that the said Davis was such consul; and the court of errors, in giving judgment, say; after having examined and fully understood the causes assigned for error, they affirm the judgment of the supreme court. This was deciding against the privilege set up under the act of congress, which declares that the district court of the United States shall have jurisdiction, exclusively of the courts of the several states, of all suits against consuls and vice consuls. 2d vol. L. U. S. 60, sec. 9.

The question before this court is not whether the judgment of the supreme court in New York was correct. It is the judgment of the court for the correction of errors, that is to be reviewed here. That is, the final judgment in the highest court in the state, and none other can be brought into this court, under the twenty-fifth section of the judiciary act.

Whether it was competent for Davis in the court of errors to assign, as error in fact, his exemption from being sued in a state court, is not a question presented by the record. No such question appears to have been raised or decided by the court. And, judging from the ordinary course of judicial proceedings in such cases, we are warranted in inferring that no such question could have been made. For if the court of errors had entertained the opinion that such exemption could not be assigned for error in that court, the writ of error would probably have been dismissed. Or, if the court had understood, that the fact of his being consul was denied, an issue would probably have been directed to try that fact, under a provision in a statute of that state, which declares, "that whenever an issue of fact shall be joined upon any writ of error, returned into the court for the correction of errors, and whenever any question of fact shall arise upon any motion in relation to such writ, or the proceedings thereon, the court may remit the record to the supreme court with directions to cause an issue to be made up by the parties, to try such question of fact at the proper circuit court or sittings, and to certify

the verdict thereupon to the said court for the correction of errors." 2d vol. Rev. Stat. New York, 601.

From the record, then, we are necessarily left to conclude, that the state court, assuming or admitting the fact, that Davis was consul general as alleged in his assignment of errors, yet it did not exempt him from being sued in a state court; which brings the case within the twenty-fifth section of the judiciary act; the decision having been against the exemption set up and claimed under a statute of the United States.

The motion to dismiss the writ of error is accordingly denied.

On consideration of the motion made in this cause by Mr Sedgwick, of counsel for the defendants in error, at the last January term of this court, to wit, on Saturday the 5th day of February A. D. 1831, to dismiss the writ of error in this cause for the want of jurisdiction, and of the arguments of counsel thereupon had; it is now here considered and ordered by this court, that the said motion be and the same is hereby denied and overruled.