Frost *v.* Ilsley.

---------◆---------

CHARLES R. FROST *& al. versus* JOSEPH ILSLEY, *Adm'r.*

To entitle a party, under the U. S. Judiciary Act of 1789, § 25, to cause to be reexamined in the Supreme Court of the U. S., upon a writ of error, a final judgment rendered in the highest Court of this State, in which was drawn in question the validity of a statute of the State on the ground of its being repugnant to the constitution of the United States; it must appear that such statute was not only decided to be valid, but that such decision was indespensable to the judgment here, and that, without it, the judgment would have been in favor of the other party.

ON EXCEPTIONS.

ASSUMPSIT to secure a mechanic's lien, reported 54 Maine, 345. At a *nisi prius* term, held January, 1868, the presiding Judge, on motion of the plaintiff's counsel, ordered the

Frost *v.* Ilsley.

clerk, in making up the record of the case, to set forth therein the following :—

"In this cause there was drawn in question the validity of a statute of the State of Maine, to wit, a statute. passed March 29, 1858, entitled 'An Act to amend section sixteen of chapter ninety-one of the Revised Statutes, relating to lien claims,' on the ground of its being repugnant to the constitution of the United States ; and the decision of the Court is in favor of its validity," reserving to the defendant the right of exceptions ; and thereupon the defendant alleged exceptions.

*Davis & Drummond,* for the defendant.

*Howard & Cleaves,* for the creditors of the intestate's estate.

*J. & E. M. Rand,* for the plaintiffs.

DANFORTH, J.—We acknowledge the duty, as it is the pleasure of the Court, to afford all needful facilities to parties to carry their causes to the tribunal legally competent for the correction of such errors as may have occurred in the decision of such causes. In so doing, however, the rights · of both parties are to receive equal care and equal protection. The 25th section of the Act of the United States, commonly known as the Judiciary Act, provides that cases, in which final judgment has been entered in the highest State Courts, involving certain questions therein enumerated, may be carried to the Supreme Court of the United States for revision.

The plaintiffs, claiming that the case at bar comes within this provision, move that a clause of the following tenor be inserted in, and made a part of the record of the case, viz. : "In this case there was drawn in question the validity of a statute of the State of Maine, to wit, a statute passed March 29, 1858, entitled 'an Act to amend section sixteen of chapter ninety-one of the Revised Statutes, relating to lien claims,' on the ground of its being repugnant to the consti-

tution of the United States; and the decision of the Court is in favor of its validity."

If this clause be true, and needful to secure the plaintiffs' rights, their motion should be granted, if otherwise, the granting of it might put in jeopardy the rights of the defendant. In order to avail the plaintiffs, the language used in their motion must be so interpreted as to convey the meaning, that the statute of 1858 was not only decided to be valid, but that such a decision was necessary to the judgment rendered by this Court and, without it, the judgment would have been for the plaintiffs.

In *Crowell* v. *Randell*, 10 Peters, 368, this question was discussed, and all the cases previously reported cited and commented upon. It was there held, on page 392, that it must appear "that the question was made, and that the Court below must, in order to have arrived at the judgment pronounced by it, have come to the very decision of that question as indispensable to that judgment."

So, in *Commercial Bank* v. *Buckingham's Executors*, 5 Howard, 317, Grier, J., on page 341, says:—"It must appear, by clear and necessary intendment, that the question must have been raised, and must have been decided, in order to induce the judgment." In all the cases which have been brought to our notice, in which this question has been raised, the same doctrine has been held, and we apprehend that it is now well settled law. If this is to be the interpretation of the clause asked to be inserted in the record, it is clear we cannot grant the motion without depriving the defendant of a right which he claimed at the hearing, and still claims, and which the law gives him, that of having the question settled as to whether the plaintiffs have a lien independent of the Act of 1858. This question has not yet been decided. True, the statute referred to was held valid, as applied to the plaintiffs' case; but it was not decided that its validity was necessary to the judgment rendered, or that the lien claimed by the plaintiffs would be good without it. On the other hand, in the opinion in that case, as reported

in 54 Maine, 345, — "the various objections urged by the defendant to the validity and sufficiency of the attachment," are passed over without a decision, with the remark that "it is unnecessary to consider" them. These objections were entirely independent of the statute of 1858.

It is true that in the opinion is found the remark, page 350, that, "considering the long lapse of time during which the hotel remained unfinished, without fault on the part of the plaintiffs, so far as appears, we might hold that the original contractor could lawfully waive this provision, (the time of payment,) and consent to immediate proceedings for the enforcement of the lien, without thereby defeating it, and that the lien would still attach to the contract, as thus modified and varied by the original parties to it, if the law, by force of which the lien existed, had remained as it was when the contract was entered into." But this is not the decision of the Court. It is not necessarily the conviction of the learned Justice who drew the opinion. It is not a direct statement of the law, but it is put in the potential form, we might hold, &c., and not we do hold.

But, observe further, so far as it is a statement, it is that the lien might still attach to the contract, as thus modified and varied by the original parties to it, &c. On looking at the writ, we find that the plaintiffs did not rely upon any express contract, either as originally made or "as modified and varied by the parties to it." Therefore there is no occasion for deciding the question, whether the plaintiffs had a lien upon the original contract, or as modified, but only whether their claim of lien, as presented in their writ, could be sustained, and this question, an important one to the defendant, is still open. And we deem it not only probable, but quite certain that, upon this question alone, without the statute of 1858, the judgment of the Court would have been the same as it now is. It will be seen therefore, that, if the motion of the plaintiffs is granted with such an interpretation as will avail them, the defendant would be precluded from a hearing upon this question in the Court above,

and possibly every where, and thereby suffer injustice. If the case is to go up, the rights of the parties require that the whole should go together; then the Court above can judge for themselves whether the Act of 1858 was indispensable to the judgment rendered by this Court, and this we understand to be the law as applicable to such matters. While the granting of the motion is not safe for the defendant, it is not necessary to the plaintiffs.

In *Crowell* v. *Randell*, above cited, and in the cases there referred to, it is held "that it is not indispensable that it should appear on the record, *in totidem verbis* or by direct and positive statement, that the question was made and the decision given in the Court below on the very point; but it is sufficient, if it is clear, from the facts stated, by just and necessary inference." The remarks of STORY, J., in *Martin* v. *Hunter's Lessee,* 1 Wheaton, on pages 255 – 6 – 7 – 8, set this point in a clear light, and are particularly applicable to the case at bar. See also *Harris* v. *Devine,* 3 Peters, 292 ; *Craig* v. *The State of Missouri,* 4 Peters, 410 ; *Davis* v. *Packard,* 6 Peters, 41.

In *Commercial Bank* v. *Buckingham's Executors,* 5 Howard, 317, and *Lawler* v. *Walker,* 14 Howard, 149, the Court go further and refuse to take jurisdiction of those cases, notwithstanding there were certificates from the State Courts similar to the one asked for in the case at bar, for the reason that, when the whole case was examined, it was found to be not within their jurisdiction. The fair inference from these cases is that the appellate Court will examine the whole record and judge for themselves whether it presents a case within the 25th section of the Judiciary Act.

In applying this principle to the case at bar, we should bear in mind that this came before the Court upon an agreed statement of facts, which are equivalent to a special verdict, and become a part of the record. This record presents all the questions to be decided. The Court above will take judicial cognizance of our laws, and can see, and will, as in the cases above cited, judge for themselves whether, with-

out the statute of 1858, on the case presented, the plaintiffs have the lien they claim. If they have, it will follow, "by clear and necessary intendment," " by just and necessary inference from the facts stated," that the Act of 1858 was indispensable to the judgment rendered by this Court, and that its validity, as applicable to this case, was sustained. If, on the other hand, there is no lien by the law as it was at the time the materials and labor were furnished, then the Act of 1858 becomes of no consequence. The rights of the defendant require such a presentation of the case, and the rights of the plaintiffs do not suffer by it.

*Exceptions sustained.*

KENT, DICKERSON and BARROWS, JJ., concurred.

TAPLEY, J., concurred in the result.