No. 81–430. ILLINOIS v. GATES ET UX. Sup. Ct. Ill. [Certiorari granted, 454 U. S. 1140.] Case restored to calendar for reargument. In addition to the question presented in the petition for certiorari and previously argued here, the parties are requested to address the question whether the rule requiring the exclusion at a criminal trial of evidence obtained in violation of the Fourth Amendment, *Mapp* v. *Ohio*, 367 U. S. 643 (1961); *Weeks* v. *United States*, 232 U. S. 383 (1914), should to any extent be modified, so as, for example, not to require the exclusion of evidence obtained in the reasonable belief that the search and seizure at issue was consistent with the Fourth Amendment.

JUSTICE STEVENS, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Earlier this year the Court decided not to allow the Illinois Attorney General to argue the question it now asks the parties to address. That decision was consistent with the Court's settled practice of not permitting a party to advance a ground for reversal that was not presented below. The reversal today of the Court's earlier decision is not only a flagrant departure from its settled practice, but also raises serious questions concerning the Court's management of its certiorari jurisdiction. I am therefore unable to join the Court's decision to order reargument of this case.

I

As a matter of ordinary procedure, the burdens of litigation are minimized and the decisional process is expedited if a court is consistent in its rulings as a case progresses. We set a poor example for other judges when we suddenly reverse our prior rulings in the same case.

On February 8, 1982, the State of Illinois filed a motion seeking leave to amend or enlarge the question presented for review in this case. The motion asked the Court to incorporate the following question:

> "Assuming, arguendo, that the information used to obtain the search warrant did not satisfy *Aguilar* v. *Texas*, 378 U. S. 108 (1964), should the evidence obtained under the warrant nevertheless be admitted at trial because the police acted in a reasonable good faith belief in the validity of the warrant?"

On March 1, 1982, the Court unanimously denied that motion. 455 U. S. 986. On October 13, 1982, the parties presented an hour of argument; they respected our decision and did not attempt to argue the question of good faith. Today, the Court asks the parties to reargue the case in order to address the very question it would not allow the parties to argue last month. This type of inconsistent decisionmaking always imposes unnecessary costs on litigants and is wasteful of the judiciary's most scarce resource—time.

## II

As a matter of appellate practice, it is generally undesirable to permit a party to seek reversal of a lower court's judgment on a ground that the lower court had no opportunity to consider.[1] It is especially poor practice to do so when the basis for reversal involves a factual issue on which neither party adduced any evidence. Those considerations apply with added force when the judgment of the highest court of a sovereign State is being reviewed.[2]

---

[1] Of course, there is no impediment to presenting a new argument as an alternative basis for *affirming* the decision below. *E. g.*, *Hankerson* v. *North Carolina*, 432 U. S. 233, 240, n. 6 (1977).

[2] Writing for the Court in *Cardinale* v. *Louisiana*, 394 U. S. 437 (1969), JUSTICE WHITE made it clear that this view represents the Court's traditional stance.

"The Court has consistently refused to decide federal constitutional issues raised here for the first time on review of state court decisions both before

Each of these considerations applies to the additional question on which the Court has ordered reargument. Neither party gave the Circuit Court of Du Page County, the Appellate Court of Illinois, Second District, or the Supreme Court of Illinois an opportunity to consider the question. Neither party offered any evidence concerning the state of mind of the Magistrate when he issued the warrant, the state of mind of the officers who obtained the warrant, or the state of mind of the officers who executed the warrant. In short, the new issue was not "fairly presented" to the state courts. Cf. *Picard* v. *Connor*, 404 U. S. 270 (1971).

## III

As a matter of power, the Court's action is subject to question. That question is serious whether one assumes that the Illinois courts decided the Fourth Amendment question correctly or incorrectly.

On the one hand, if it is assumed that the Supreme Court of Illinois correctly decided the only federal question that was presented to it,[3] this Court has a duty to affirm its judgment. See *New York ex rel. Cohn* v. *Graves*, 300 U. S. 308, 317

---

[*Crowell* v. *Randell*, 10 Pet. 368 (1836)], *Miller* v. *Nicholls*, 4 Wheat. 311, 315 (1819), and since, *e. g.*, *Safeway Stores, Inc.* v. *Oklahoma Retail Grocers Assn., Inc.*, 360 U. S. 334, 342, n. 7 (1959); *State Farm Mutual Automobile Ins. Co.* v. *Duel*, 324 U. S. 154, 160–163 (1945); *McGoldrick* v. *Compagnie General Transatlantique*, 309 U. S. 430, 434–435 (1940); *Whitney* v. *California*, 274 U. S. 357, 362–363 (1927); *Dewey* v. *Des Moines*, 173 U. S. 193, 197–201 (1899); *Murdock* v. *City of Memphis*, 20 Wall. 590 (1875).

". . . Questions not raised below are those on which the record is very likely to be inadequate, since it certainly was not compiled with those questions in mind." *Id.*, at 438–439.

See also *New York ex rel. Cohn* v. *Graves*, 300 U. S. 308, 317 (1937); *Wilson* v. *Cook*, 327 U. S. 474, 483–484 (1946); *Lear, Inc.* v. *Adkins*, 395 U. S. 653, 677–682 (1969) (WHITE, J., concurring in part). See generally R. Stern & E. Gressman, Supreme Court Practice 456–465 (5th ed. 1978).

[3] The Supreme Court of Illinois held that the Fourth Amendment prohibits a magistrate from issuing a search warrant on the basis of an affidavit such as that filed by the police officer in this case.

(1937). If the only federal question presented by a certiorari petition is unworthy of review, or does not identify a legitimate basis for reversal, this Court has no power to grant certiorari simply because it would like to address some other federal question. For neither Article III of the Constitution nor the jurisdictional statutes enacted by Congress vest this Court with any roving authority to decide federal questions that have not been properly raised in adversary litigation.

On the other hand, if it is assumed that the Supreme Court of Illinois has incorrectly decided the federal question that was presented to it, this Court has a duty to reverse its judgment. That duty could be performed by simply answering the question decided below, without reaching the additional question on which the Court orders reargument today. It is, of course, a settled canon of our constitutional jurisprudence that we do not decide constitutional questions unless it is necessary to do so to resolve an actual case or controversy. See, *e. g., Minnick* v. *California Dept. of Corrections*, 452 U. S. 105, 122–127 (1981).

Thus, however the Court resolves the merits of the federal question that has already been argued, the action it takes today sheds a distressing light on the Court's conception of the scope of its powers. Accordingly, I respectfully dissent.