LEMMON, Justice,
dissenting.
We should take seriously the often quoted remark in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), which reminds reviewing courts that affidavits in support of the issuance of search warrants must be construed nontechnically and in a commonsense fashion.
Here, the affidavit recites that a confidential informant (whose reliability was clearly established by prior arrests and convictions, as well as by controlled purchases of drugs) told the affiant that “there was a quantity of marijuana” at defendant’s residence. If the affidavit had asserted that the informant’s statement was “I saw a quantity of marijuana”, then first hand knowledge would be clear; on the other hand, if the affidavit had asserted that the informant’s statement was “I was told there was a quantity of marijuana”, then second hand knowledge would be clear (unless, perhaps, the statement was attributable to the defendant). While the source of knowledge is technically unclear, the facts recited in the affidavit could be interpreted either way, and it is equally reasonable to infer that the informant spoke from first hand knowledge. I would therefore construe the affidavit, nontechnically and in a commonsense fashion, in favor of the validity of the warrant, and I would hold that the search was not unreasonable (which is the only prohibition in the Fourth Amendment).
Additionally, even if there was a technical violation of warrant requirements, these officers in good faith presented their facts to a magistrate in the haste of a criminal investigation, in an effort to comply with principles dictating the need for prior judicial approval of an intrusion into privacy. In such instances, this court should only hesitatingly invoke the exclusionary rule (which has nothing to do with guilt or innocence), since the rule’s efficacy as a device to regulate police misconduct is very limited when the police have sought and obtained prior judicial approval for their search. See United States v. Williams, 622 F.2d 830 (5th Cir.1980).
In this context, I note that the United States Supreme Court has recently agreed to reexamine the exclusionary rule in the context of a good faith search pursuant to a warrant.[1] Until the Court rules on the *263 issue, I would not reverse the conviction of an obviously guilty criminal when the affidavit by a non-lawyer can with equal reasonableness be construed in favor of the validity of the warrant.

. In Illinois v. Gates, - U.S. -, 103 S.Ct. 436, 74 L.Ed.2d 595, the Court restored the case to the calendar for reargument, specifically requesting the parties to address the following question:
*263 “[W]hether the rule requiring the exclusion at a criminal trial of evidence obtained in violation of the Fourth Amendment, Mapp v. Ohio, 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961); Weeks v. United States, 232 U.S. 383 [34 S.Ct. 341, 58 L.Ed. 652] (1914), should to any extent be modified, so as, for example, not to require the exclusion of evidence obtained in the reasonable belief that the search and seizure at issue was consistent with the Fourth Amendment.”