Per Curiam.
This case is restored to the calendar for reargument. The parties are requested to brief and argue the following question:
“Whether or not the interpretation of 42 U. S. C. § 1981 adopted by this Court in Runyon v. McCrary, 427 U. S. 160 (1976), should be reconsidered?”
One might think from the dissents of our colleagues from the above order that our decision to hear argument as to whether the decision in Runyon v. McCrary, 427 U. S. 160 (1976), should be reconsidered is a “first” in the history of the Court. One would also think from the language of the dissents that we have decided today to overrule Runyon v. McCrary. We have of course done no such thing, but have decided, in light of the difficulties posed by petitioner’s argument for a fundamental extension of liability under 42 U. S. C. § 1981, to consider whether Runyon should be overruled. It is surely no affront to settled jurisprudence to request argument on whether a particular precedent should be modified or overruled.
Three Terms ago, for example, we requested the parties to reargue the validity of our decision in National League of Cities v. Usery, 426 U. S. 833 (1976). Garcia v. San Anto *618 nio Metropolitan Transit Authority, 468 U. S. 1213 (1984) (ordering reargument), 469 U. S. 528 (1985) (decision). Two Terms before that we requested the parties to reargue and brief the question whether the Fourth Amendment exclusionary rule should apply where the evidence was obtained reasonably and in good faith. Illinois v. Gates, 459 U. S. 1028 (1982) (ordering reargument), 462 U. S. 213 (1983) (decision). In 1975, we ordered the parties in Alfred Dunhill of London, Inc. v. Republic of Cuba, 422 U. S. 1005 (1975) (ordering reargument), 425 U. S. 682 (1976) (decision), to address whether we should reconsider our holding in Banco Nacional de Cuba v. Sabbatino, 376 U. S. 398, 439 (1964), which had reaffirmed the Court’s adherence to the “act of state” doctrine. And in Benton v. Maryland, 393 U. S. 994 (1968) (ordering reargument), 395 U. S. 784 (1969) (decision), the Court requested reargument on the question whether the “concurrent sentence doctrine” had continuing validity.
In addition, we have explicitly overruled statutory precedents in a host of cases. See, e. g., Monell v. New York City Dept. of Social Services, 436 U. S. 658 (1978), overruling Monroe v. Pape, 365 U. S. 167 (1961); Continental T. V., Inc. v. GTE Sylvania Inc., 433 U. S. 36 (1977), overruling United States v. Arnold, Schwinn & Co., 388 U. S. 365 (1967); Machinists v. Wisconsin Employment Relations Comm’n, 427 U. S. 132 (1976), overruling Auto Workers v. Wisconsin Employment Relations Bd., 336 U. S. 245 (1949); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U. S. 484 (1973), overruling Ahrens v. Clark, 335 U. S. 188 (1948); Andrews v. Louisville & Nashville R. Co., 406 U. S. 320 (1972), overruling Moore v. Illinois Central R. Co., 312 U. S. 630 (1941); Boys Markets, Inc. v. Retail Clerks, 398 U. S. 235 (1970), overruling Sinclair Refining Co. v. Atkinson, 370 U. S. 195 (1962); Peyton v. Rowe, 391 U. S. 54 (1968), overruling McNally v. Hill, 293 U. S. 131 (1934). These actions do not mean that the Court has been insensitive to considerations of stare decisis, but only that we recognize it as “ ‘a principle of *619 policy and not a mechanical formula,’” Boys Markets, supra, at 241 (quoting Helvering v. Hallock, 309 U. S. 106, 119 (1940) (Frankfurter, J.)).
Both of the dissents intimate that the statutory question involved in Runyon v. McCrary should not be subject to the same principles of stare decisis as other decisions because it benefited civil rights plaintiffs by expanding liability under the statute. We do not believe that the Court may recognize any such exception to the abiding rule that it treat all litigants equally: that is, that the claim of any litigant for the application of a rule to its case should not be influenced by the Court’s view of the worthiness of the litigant in terms of extralegal criteria. We think this is what Congress meant when it required each Justice or judge of the United States to swear to “administer justice without respect to persons, and do equal right to the poor and to the rich . . . .” 28 U. S. C. § 453.