McGOLDRICK, COMPTROLLER OF THE CITY OF NEW YORK, *v.* COMPAGNIE GENERALE TRANSATLANTIQUE.

No. 44. Argued January 2, 1940.—Decided March 25, 1940.

*Mr. William C. Chanler,* with whom *Messrs. Sol Charles Levine* and *Jerome R. Hellerstein* were on the brief, for petitioner.

*Mr. Harold S. Deming,* with whom *Mr. Donald Havens* was on the brief, for respondent.

By leave of Court, briefs of *amici curiae* were filed by *Messrs. Cletus Keating, H. Maurice Fridlund, Richard*

*Sullivan,* and *Earl Q. Kullman,* representing certain taxpayers; and by *Messrs. George deForest Lord* and *Woodson D. Scott,* on behalf of the Cunard White Star, Ltd., challenging the validity of the tax.

Mr. Justice Stone delivered the opinion of the Court.

This is a companion case to *McGoldrick* v. *Berwind-White Coal Mining Co., ante,* p. 33, brought here to review a judgment of the New York State Supreme Court that the New York City tax laid upon sales of goods for consumption, is an unconstitutional burden on interstate commerce.

Upon certiorari to review a determination by the Comptroller of the City of New York that respondent was subject to a New York City tax upon sales to it of fuel oil in 1934 and 1935, the Appellate Division of the New York Supreme Court held that the taxing statute as applied did so infringe. 254 App. Div. 237; 4 N. Y. S. 2d 661. The Court of Appeals affirmed, 279 N. Y. 192; 18 N. E. 2d 28, with opinion, on the single ground that the tax was unconstitutional by reason of its effect on interstate commerce, and by its amended remittitur the court stated that the affirmance was on the sole ground that the tax violated the commerce clause. 280 N. Y. 691; 21 N. E. 2d 199. We granted certiorari, 307 U. S. 620, upon a petition which assailed the determination of the state court that the tax was a prohibited burden on interstate commerce, the question being of public importance.

The relevant provisions of the taxing act are set out in our opinion in the *Berwind-White Coal Mining Company* case, and need not be repeated here. The Appellate Division found facts not challenged here as follows: Appellant, a corporation of the Republic of France, owns vessels and operates them in the transportation of pas-

sengers and freight between the Port of New York and France, and other foreign countries. It is authorized to do business and maintains an office in New York City, where in the course of its business it makes purchases of fuel oil for consumption in the operation of its vessels, from the Standard Oil Company of New Jersey, which also maintains an office and carries on business in the City. That company enters into long-term contracts with the respondent, negotiated and signed in the City, for the sale to respondent of its requirements of fuel oil as ordered, to be delivered alongside respondent's vessels in New York Harbor. All the sales presently involved were of oil stored by the Standard Oil Company in its tanks in New Jersey, which as ordered was transported by barge to respondent's vessels in New York City where it was delivered.

The oil thus transported and delivered to respondent was of two types. One, "bonded fuel oil," is refined oil imported by the Standard Oil Company from foreign countries and stored in bond in New Jersey without payment of import duties, pursuant to the revenue laws of the United States which authorize release from the bond upon delivery of the oil to a foreign steamship for export or use as fuel by the vessel. The other type, known as "drawback oil," is the product of crude oil imported from foreign countries by the Standard Oil Company and refined at its New Jersey plant. An import duty is paid upon the oil, but upon delivery of the refined oil to a foreign steamship for export, or for use as fuel on the vessel, the importer is entitled under the revenue laws to a refund or drawback on the duty paid. 19 U. S. C. §§ 1309, 1313, 46 Stat. 690, 693.

So far as the validity of the tax with respect to the interstate commerce is concerned, our decision sustaining it in the *Berwind-White Coal Mining Company* case is controlling, and the judgment must be reversed, unless

the state of the record is such as to entitle respondent to assail the tax upon constitutional grounds not urged or decided in the state courts.

Respondent's petition to the New York Supreme Court to review the determination of the Comptroller set out that the tax "was assessed upon the purchase price paid on transactions in interstate and foreign commerce" and that the City was "without power to impose said tax on said transactions by virtue of the provisions of the Constitution and the laws of the United States," specifying the commerce clause and Article I, § 10, Clause 2, prohibiting "imposts or duties on imports or exports." No mention was made of any applicable statute of the United States.

Respondent's brief and argument here advance as reasons in support of the judgment of the state court in its favor that the bonded oil and drawback oil, at the time of delivery to respondent, retained their character as imports, and that they were then in process of being exported, so that the tax imposed upon the delivery to the purchaser is a prohibited impost or duty on imports and exports.

Respondent concedes by its brief that the contentions it now makes were not argued in the New York Court of Appeals, and does not deny petitioner's assertion here that respondent stated in its brief in the Appellate Division, "The court need give no attention to them," and that by its brief in the Court of Appeals respondent explicitly limited its presentation of the case to the interstate commerce point. Whether, under the practice of the Court of Appeals, respondent was in the circumstances free to ask decision of these questions there, we are not advised. But in any event the record does not disclose that they were presented to the Court of Appeals, the highest court of the state in which decision could have been had whose decision we review, and it shows

that that court considered and passed upon only the interstate commerce question.

By virtue of the petition for certiorari addressed to the constitutional question which the state court decided, this Court has jurisdiction of the cause. And respondent, in urging decision here of the constitutional questions not pressed in the state court, relies on the familiar rule of appellate court procedure in federal courts that, without a cross-petition or appeal, a respondent or appellee may support the judgment in his favor upon grounds different from those upon which the court below rested its decision.. *United States* v. *American Railway Express Co.*, 265 U. S. 425, 435; *Langnes* v. *Green*, 282 U. S. 531. See *Central Kentucky Natural Gas Co.* v. *Railroad Commission*, 290 U. S. 264, 269.

But it is also the settled practice of this Court, in the exercise of its appellate jurisdiction, that it is only in exceptional cases, and then only in cases coming from the federal courts, that it considers questions urged by a petitioner or appellant not pressed or passed upon in the courts below. *Blair* v. *Oesterlein Co.*, 275 U. S. 220, 225; *Duignan* v. *United States*, 274 U. S. 195, 200. In cases coming here from state courts in which a state statute is assailed as unconstitutional, there are reasons of peculiar force which should lead us to refrain from deciding questions not presented or decided in the highest court of the state whose judicial action we are called upon to review. Apart from the reluctance with which every court should proceed to set aside legislation as unconstitutional on grounds not properly presented, due regard for the appropriate relationship of this Court to state courts requires us to decline to consider and decide questions affecting the validity of state statutes not urged or considered there. It is for these reasons that this Court, where the constitutionality of a statute has been upheld in the state court, consistently refuses to consider any grounds of attack not raised or decided in that court.

*Dewey* v. *Des Moines,* 173 U. S. 193; *Keokuk & Hamilton Bridge Co.* v. *Illinois,* 175 U. S. 626, 633; *Whitney* v. *California,* 274 U. S. 357, 362, 363; *New York ex rel. Cohn* v. *Graves,* 300 U. S. 308, 317.

Like considerations, we think, require us to refuse to entertain such new grounds of attack as a support for a state judgment of invalidity based on an erroneous construction of the Constitution. In the exercise of our appellate jurisdiction to review the action of state courts we should hold ourselves free to set aside or revise their determinations only so far as they are erroneous and error is not to be predicated upon their failure to decide questions not presented. Similarly their erroneous judgments of unconstitutionality should not be affirmed here on constitutional grounds which suitors have failed to urge before them, or which, in the course of proceedings there, have been abandoned.

Upon the remand of this cause for further proceedings not inconsistent with this opinion, the state courts will be free to decide any federal question remaining undecided here which, in conformity with their own procedure, may be raised for decision there, and the remand will be without prejudice to the further presentation of any such question to this Court.

*Reversed.*

The CHIEF JUSTICE and MR. JUSTICE ROBERTS concur in the view that the questions relating to foreign commerce are not properly before us in this case, but think that the judgment of the state court, holding that the tax as here laid places an unconstitutional burden upon interstate commerce, should be affirmed upon the grounds stated in the dissenting opinion in *McGoldrick* v. *Berwind-White Coal Mining Co., ante,* p. 59.

MR. JUSTICE McREYNOLDS and MR. JUSTICE MURPHY took no part in the consideration or decision of this case.