

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAUREEN P RICHTER,

              Plaintiff - Appellant,

  v.

CITY OF DES MOINES, a municipal
corporation,

              Defendant - Appellee.

No. 12-35370

D.C. No. 2:10-cv-00461-MJP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted June 6, 2013
Seattle, Washington

Before: GILMAN,** McKEOWN, and IKUTA, Circuit Judges.


Maureen Richter appeals from the district court's order granting summary

judgment in favor of the City of Des Moines ("the City"). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

28 U.S.C. § 1291.

Richter applied for permits to construct a trail that would connect her home on the Puget Sound bluff to the beachfront below. Her trail application was denied several times before the City finally gave its approval. She brought suit under 42 U.S.C. § 1983, alleging that the City's internal review by the City Hearing Examiner, its initial denials of her application, and its disparate treatment of her application violated her procedural due process, substantive due process, and equal protection rights.

We will assume without deciding that Richter has a constitutionally protected property interest based on her ownership and use of real estate. *See Wedges/Ledges of Calif. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (noting that a plaintiff alleging a deprivation with regard to her property rights must establish that she has a property interest subject to constitutional protection in order to prevail). Turning first to Richter's procedural due process claim, her basic argument is that she was deprived of her constitutional right to a fair and impartial hearing as a matter of law because Section 18.94.113 of the Des Moines Municipal Code requires the Hearing Examiner to give deference to the City's initial permit decision. This argument is, at base, an argument that Section 18.94.113 is facially unconstitutional. But Richter never squarely presented this claim to either the state court or the district court, and neither

2

the original nor the amended complaint identified the ordinance that she is now challenging.

A court should proceed with reluctance "to set aside legislation as unconstitutional on grounds not properly presented." *McGoldrick v. Compagnie Generale Transatlantique*, 309 U.S. 430, 434 (1940). In the present case, Richter had multiple opportunities to properly present her claim of facial unconstitutionality and failed to do so. She has therefore forfeited this claim. And even if she had not, there was no constitutional infirmity in the process she received because the general due process factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), taken together, favor the City. The district court therefore did not err in dismissing Richter's claim of a procedural due process violation.

We also find no error in the district court's dismissal of Richter's substantive due process claim. She contends that the City allowed its displeasure with her initial unauthorized trail construction to taint its review of her subsequent application for permits, and that the City failed to consider the reports of her engineers on the trail's design. But Richter must meet an "exceedingly high burden," *see Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (internal quotation marks omitted), of showing that the City's actions "lacked a rational relationship to a government interest," *see N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008).

3

Even assuming without deciding that the City harbored ill feelings toward Richter for having commenced constructing her trail without the required permits and that it failed to give proper attention to her engineers' reports, this sort of conduct is not the broadly irrational kind previously found to have violated substantive due process. *Cf. Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990) (reversing summary judgment for the city and remanding for a trial on the merits of a substantive due process claim where the city council initially approved a proposed oceanfront development but later "abruptly changed course and rejected the plan, giving only broad conclusory reasons"); *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988) (finding a substantive due process violation where a developer had satisfied all the conditions to receive a building permit when the city council arbitrarily initiated a zoning change that prohibited the proposed project and caused the permit to be denied).

Here, the City denied Richter's trail permits because she failed to comply with applicable state and local construction and environmental codes. Such compliance is unquestionably a legitimate government interest, and the City was justified in ensuring that the proposed work adequately protected an environmentally sensitive area. The district court therefore did not err in dismissing Richter's substantive due process claim.

Finally, with respect to Richter's equal protection "class of one" claim, Richter has failed to show that the City intentionally, and without a rational basis, treated her differently from others similarly situated. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Richter's claim is based on the allegations that a contemporaneous trail proposal submitted by the City's Department of Parks and Recreation in a completely different area was approved even though the department did not submit reports assessing the stability of the slope and that the City treated that project more favorably than hers by approving the proposal in only five months.

But Richter failed to show that slope-stability reports were required for the type and slope of the trail proposed by the Parks Department. Moreover, the Parks Department, unlike Richter, submitted all components of the required application in a timely manner, enabling speedy review. Because Richter and the Parks Department were not similarly situated with regard to their respective trail applications, the district court did not err in dismissing Richter's equal protection claim.

**AFFIRMED.**

*Richter v. City of Des Moines*, 12-35370

Ikuta, J., dissenting in part:

The Fourteenth Amendment to the Constitution proclaims that no State shall "deprive any person of life, liberty, or property, without due process of law." It is well-established that "[t]he right of [an owner] to devote [her] land to any legitimate use is properly within the protection of the Constitution," *Harris v. Cnty. of Riverside*, 904 F.2d 497, 503 (9th Cir. 1990) (quoting *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116, 121 (1928)), and that the government cannot deprive an owner of the "use and enjoyment" of her land without due process. *Id.* But here the majority will only "assume without deciding that Richter has a constitutionally protected property interest" based on her ownership of her real property. Maj. op. at 2. I disagree with the majority's hesitance on this point, because it is clear that the Fourteenth Amendment protects Richter's interests in real property.

The majority's doubt that Richter has a claim for unconstitutional deprivation of the use of her property reflects the City's insistence that Richter's claim must be analyzed as the deprivation of a government benefit, namely, the right to obtain a land-use permit. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (establishing test for determining whether there is a constitutionally-

1

protected property interest in government benefits)); *see also* maj. op. at 2 (citing

*Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (applying

*Roth* test)).  Based on its interpretation of *Roth*, the City assumes that only the

government can create property interests, and so a court is limited to determining

whether Richter has a "legitimate claim of entitlement" to a benefit "as created and

defined" by state law.  *Bateson v. Geisse*, 857 F.2d 1300, 1305 (9th Cir. 1988).

But *Roth* "stands not for a theory of plenary state control over the definition and

recognition" of constitutionally-protected property interests, "but for a much more

modest proposition": that state law "might serve to elevate certain nontraditional

forms of property," like welfare, permits, and licenses, to "constitutional status."

*Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1200 (9th Cir. 1998).  Expanding

*Roth* beyond the limited context of government benefits, and into the "traditional"

realm of core property interests that the state cannot redefine at will, is a

constitutionally untenable approach to assessing property rights.  *Id.* (quoting

*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 439 (1982)).  If

*Roth* were so broadly applicable, "States could unilaterally dictate the content

of—indeed, altogether opt out of—both the Takings Clause and the Due Process

Clause simply by statutorily recharacterizing traditional property-law concepts"

such as the right to use and enjoy one's own real property.  *Id.* at 1201.

Here, Richter claims that her due process rights were violated because City staff (rather than a neutral adjudicator) denied Richter's request for permission to proceed with a development project on her property in the first instance, and the hearing examiner adjudicating Richter's appeal of this denial was required by law to give the staff decision "a presumption of correctness."[1] This claim should survive summary judgment, because the undisputed facts show that Richter never had a neutral adjudicator determine whether she had met the City's requirements for proceeding with the proposed use of her land. On its face, this procedure raises grave due process concerns. As the Supreme Court has explained, an individual may not be deprived of protected property rights without "impartial adjudication in the first instance." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 626 (1993).[2]

---

[1]Richter raised this same argument in her amended complaint, Dist. Ct. Dkt. 26 at 11, and so the majority errs in holding that she forfeited this claim, Maj. op. at 3.

[2]Indeed, even if the test applicable to deprivations of government benefits without due process, *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), were applicable in this context, Richter has raised a genuine issue of material fact that she was deprived of due process: Richter has a substantial property interest at stake, the risk of erroneous deprivation is great (given the highly-deferential standard the hearing examiner must apply), and the administrative burdens of curing the problem are low, since the City need only provide a neutral hearing in the first instance.

Because Richter has raised a substantial legal question as to whether the City violated her procedural due process rights, and the City has not established that it is entitled to judgment as a matter of law, I would reverse the district court's grant of summary judgment as to this claim.