MEMORANDUM **
Maureen Richter appeals from the district court’s order granting summary judgment in favor of the City of Des Moines (“the City”). We have jurisdiction under 28 U.S.C. § 1291.
Richter applied for permits to construct a trail that would connect her home on the Puget Sound bluff to the beachfront below. Her trail application was denied several *757 times before the City finally gave its approval. She brought suit under 42 U.S.C. § 1983, alleging that the City’s internal review by the City Hearing Examiner, its initial denials of her application, and its disparate treatment of her application violated her procedural due process, substantive due process, and equal protection rights.
We will assume without deciding that Richter has a constitutionally protected property interest based on her ownership and use of real estate. See Wedges/Ledges of Calif. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994) (noting that a plaintiff alleging a deprivation with regard to her property rights must establish that she has a property interest subject to constitutional protection in order to prevail). Turning first to Richter’s procedural due process claim, her basic argument is that she was deprived of her constitutional right to a fair and impartial hearing as a matter of law because Section 18.94.113 of the Des Moines Municipal Code requires the Hearing Examiner to give deference to the City’s initial permit decision. This argument is, at base, an argument that Section 18.94.113 is facially unconstitutional. But Richter never squarely presented this claim to either the state court or the district court, and neither the original nor the amended complaint identified the ordinance that she is now challenging.
A court should proceed with reluctance “to set aside legislation as unconstitutional- on grounds not properly presented.” McGoldrick v. Compagnie Generale Transatlantique, 309 U.S. 430, 434, 60 S.Ct. 670, 84 L.Ed. 849 (1940). In the present case, Richter had multiple opportunities to properly present her claim of facial unconstitutionality and failed to do so. She has therefore forfeited this claim. And even if her due process claim is, as she claims, a damages claim and was not forfeited, there was no constitutional infirmity in the process she received because the general due process factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), taken together, favor the City. The district court therefore did not err in dismissing Richter’s claim of a procedural due process violation.
We also find no error in the district court’s dismissal of Richter’s substantive due process claim. She contends that the City allowed its displeasure with her initial unauthorized trail construction to taint its review of her subsequent application for permits, and that the City failed to consider the reports of her engineers on the trail’s design. But Richter must meet an “exceedingly high burden,” see Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir.2008) (internal quotation marks omitted), of showing that the City’s actions “lacked a rational relationship to a government interest,” see N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 485 (9th Cir.2008).
Even assuming without deciding that the City harbored ill feelings toward Richter for having commenced constructing her trail without the required permits and that it failed to give proper attention to her engineers’ reports, this sort of conduct is not the broadly irrational kind previously found to have violated substantive due process. Cf. Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1508 (9th Cir.1990) (reversing summary judgment for the city and remanding for a trial on the merits of a substantive due process claim where the city council initially approved a proposed oeeanfront development but later “abruptly changed course and rejected the plan, giving only broad eonclusory reasons”); Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir.1988) (finding a substantive due process violation where a developer had satis *758 fied all the conditions to receive a building permit when the city council arbitrarily initiated a zoning change that prohibited the proposed project and caused the permit to be denied).
Here, the City denied Richter’s trail permits because she failed to comply with applicable state and local construction and environmental codes. Such compliance is unquestionably a legitimate government interest, and the City was justified in ensuring that the proposed work adequately protected an environmentally sensitive area. The district court therefore did not err in dismissing Richter’s substantive due process claim.
Finally, with respect to Richter’s equal protection “class of one” claim, Richter has failed to show that the City intentionally, and without a rational basis, treated her differently from others similarly situated. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). Richter’s claim is based on the allegations that a contemporaneous trail proposal submitted by the City’s Department of Parks and Recreation in a completely different area was approved even though the department did not submit reports assessing the stability of the slope and that the City treated that project more favorably than hers by approving the proposal in only five months.
But Richter failed to show that slope-stability reports were required for the type and slope of the trail proposed by the Parks Department. Moreover, the Parks Department, unlike Richter, submitted all components of the required application in a timely manner, enabling speedy review. Because Richter and the Parks Department were not similarly situated with regard to their respective trail applications, the district court did not err in dismissing Richter’s equal protection claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.