# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60529

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

MANUEL LOPEZ VENTURA,
      Also Known as Manuel A. Lopez-Ventura,

Petitioner,

versus

JEFFERSON B. SESSIONS, III,
      U.S. Attorney General,

Respondent.

Appeal from an Order of
the Board of Immigration Appeals

Before SMITH, CLEMENT, and COSTA, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Manuel Lopez Ventura, a native and citizen of the Dominican Republic and a lawful permanent resident ("LPR") of the United States, pleaded guilty of possessing AB-CHMINACA in violation of Louisiana Revised Statutes § 40.966(C). After his arrest, but before his conviction, AB-CHMINACA was added to the federal schedules of controlled substances. After his conviction, Lopez Ventura traveled to the Dominican Republic. Upon his return, he applied for admission as an LPR. But the Department of Homeland Security charged him with being inadmissible under the Immigration and Nationality

No. 17-60529

Act ("INA") because of the Louisiana conviction. *See* 8 U.S.C. § 1182(a)(2)-(A)(i)(II). Lopez Ventura denied the charge, relying on the fact that AB-CHMINACA was not a controlled substance at the time of his *arrest*. The Board of Immigration Appeals ("BIA") ultimately found him inadmissible, reasoning that AB-CHMINACA was a controlled substance on the date of his *conviction*. Because the application of § 1182(a)(2)(A)(i)(II) to Lopez Ventura is impermissibly retroactive, we grant the petition for review, reverse the order of the BIA, and remand for the BIA to determine whether Lopez Ventura was convicted of possessing marihuana or, instead, AB-CHMINACA.

I.

In 2014, Lopez Ventura was arrested for possessing cigarillo cigars and AB-CHMINACA, a synthetic cannabinoid. In February 2015, he was charged with possession of a controlled substance and drug paraphernalia in violation of Louisiana Revised Statutes §§ 40:966(C) and 40:1023, respectively. On April 16, 2015, he pleaded guilty of possessing marihuana and drug paraphernalia. At the time of the arrest, AB-CHMINACA was not a federally controlled substance. *See* 21 C.F.R. § 1308.11 (effective Mar. 7, 2014, to Jan. 29, 2015). Yet by the time he was charged and pleaded guilty, the Drug Enforcement Administration had added AB-CHMINACA to the controlled substance schedules as authorized by 21 U.S.C. § 811(h).[1]

An alien convicted of violating any state law relating to a federally controlled substance is inadmissible as an LPR. *See* 8 U.S.C. § 1182(a)(2)-(A)(i)(II). Lopez Ventura claimed he was admissible because his Louisiana convictions concerned AB-CHMINACA, which was not a controlled substance

---

[1] *See* 80 Fed. Reg. 5042–01 (Jan. 30, 2015) (adding AB-CHMINACA to the schedule of controlled substances); 21 C.F.R. § 1308.11(h)(29) (effective Jan. 30, 2015, to Mar. 19, 2015); § 1308.11(h)(21) (effective Mar. 20, 2015, to July 16, 2015).

2

on the date of his offense.

The Immigration Judge ("IJ") denied the motion, reasoning that AB-CHMINACA was a controlled substance on the date of Lopez Ventura's conviction. Lopez Ventura moved to reconsider and requested relief from removal under the INA.[2] The IJ denied that motion, finding that Lopez Ventura had actually been convicted of possessing marihuana—not AB-CHMINACA—so the drug he possessed had always been a controlled substance. The IJ then concluded, in a somewhat self-contradictory fashion, that Lopez Ventura was not eligible for § 1182(h) relief because he had been convicted of possessing AB-CHMINACA, not marihuana.

Lopez Ventura appealed to the BIA with the same arguments. But for the first time, he explicitly invoked the presumption against retroactivity, citing *Vartelas v. Holder*, 566 U.S. 257 (2012). The BIA affirmed. It concluded that the relevant date for purposes of § 1182(a)(2)(A)(i)(II) was the date of conviction and that AB-CHMINACA had been a controlled substance when Lopez Ventura was convicted. It further held that Lopez Ventura had waived his claim that § 1182(a)(2)(A)(i)(II) was being applied in a retroactive manner. Yet the BIA never resolved whether Lopez Ventura had been convicted of possessing marihuana instead of AB-CHMINACA.

Lopez Ventura petitions for review, asserting that the application of § 1182(a)(2)(A)(i)(II) to his case is retroactive because it attaches new legal consequences to his possession of AB-CHMINACA. And, as Lopez Ventura posits, there is nothing in the statute to overcome the presumption against retroactivity. The government replies that Lopez Ventura has waived a critical

---

[2] *See* 8 U.S.C. § 1182(h) (providing that the Attorney General may waive inadmissibility for certain offenses involving simple possession of thirty grams of marihuana). *Accord Martinez v. Mukasey*, 519 F.3d 532, 541–42 (5th Cir. 2008).

No. 17-60529

part of his argument on appeal. Moreover, it insists that because the statutory text, the categorical approach, and policies undergirding the INA focus on convictions, the court must consider whether the substance was controlled on the date of conviction, not commission. Finally, the government avers that § 1182(a)(2)(A)(i)(II) is *explicitly* retroactive in any event.

## II.

We review the BIA's rulings of law *de novo* and findings of fact for "substantial evidence." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). We consider the IJ's decision only "to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's order was entered by a single member of the BIA and was not precedential.[3] Because the order therefore lacks the force of law, it is entitled only to *Skidmore* deference.[4] "Even so, it will be examined closely for its power to persuade." *Dhuka,* 716 F.3d at 156.

The BIA ruled that Lopez Ventura had waived his claim that applying § 1182(a)(2)(A)(i)(II) to his Louisiana conviction would be impermissibly retroactive. We disagree. The presumption against retroactivity is merely a tool of statutory interpretation, not a separate claim for relief. *See Falek v. Gonzales*, 475 F.3d 285, 290 (5th Cir. 2007). From the start, Lopez Ventura has consistently maintained that § 1182(a)(2)(A)(i)(II), properly construed, does not apply where the crime involves a substance not controlled on the date of commission. Although he did not expressly invoke the presumption against

---

[3] *See* 8 C.F.R. § 1003.1(e)(6)(ii) (providing that cases may be assigned to three-member panels if the cases present a need to establish precedent); *see also Dhuka v. Holder*, 716 F.3d 149, 155 (5th Cir. 2013) ("The regulation does not recognize single-member decisions as having precedential effect . . . .").

[4] *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *Dhuka v. Holder*, 716 F.3d 149, 155 (5th Cir. 2013).

retroactivity until his appeal to the BIA, Lopez Ventura has always advocated an interpretation of the INA that dovetails with that presumption.[5] Indeed, to say that § 1182(a)(2)(A)(i)(II) should not apply where the substance became controlled after the criminal act is to claim that such application is improperly retroactive.[6]

Even if Lopez Ventura did not clearly present his retroactivity claim before the IJ, the argument is still preserved via a petition for review. It is settled practice that to be considered on review, an issue must generally have been "pressed or passed upon" in the tribunal *a quo*.[7] Though the BIA found that Lopez Ventura had waived his retroactivity claim, it held that the relevant inquiry under § 1182(a)(2)(A)(i)(II) is whether a substance was controlled on the date of *conviction*. In doing so, the BIA plainly rejected Lopez Ventura's reading of the statute and implicitly determined that applying § 1182(a)(2)-(A)(i)(II) to him was not impermissibly retroactive. Because the BIA therefore passed upon Lopez Ventura's claim, we may consider his argument on petition for review.

## III.

The presumption against retroactive legislation arises in a "case that implicates a federal statute enacted after the events in suit." *Landgraf v. USI*

---

[5] Citing *Falek*, 475 F.3d at 289−90, the government maintains that retroactivity is an issue that must be exhausted. But unlike Lopez Ventura, the petitioner in *Falek* wholly failed to challenge the applicability of the statute before the BIA. *Id.* at 288.

[6] For similar reasons, the government is wrong to insist that Lopez Ventura has waived much of his argument in this petition. According to the government, Lopez Ventura solely challenges whether the BIA's decision was impermissibly retroactive—not whether the BIA erred in focusing on the date of conviction. But those arguments are two sides of the same coin. To assert that the BIA's ruling was wrongly retroactive is to contend that the date of conviction should not have controlled.

[7] M*cGoldrick v. Compagnie Generale Transatlantique*, 309 U.S. 430, 434 (1940); *accord* 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 205.05 (3d ed. 2018).

No. 17-60529

*Film Prods.*, 511 U.S. 244, 280 (1994). That presumption is "deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Id.* at 265. Accordingly, "the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place."[8] Congress may enact retroactive legislation if it does not offend a specific constitutional prohibition. *Id.* at 267–68. But the Court requires that Congress legislate with a clear statement of retroactivity. *Id.*

To determine whether a statute is impermissibly retroactive, we must ask first "whether Congress has expressly prescribed the statute's proper reach" and second "whether the new statute would have retroactive effect." *Id.* at 280. That framework also applies when determining the retroactive effect of a regulation.[9]

### A.

The standard for finding a clear directive of retroactivity "is a demanding one." *I.N.S. v. St. Cyr*, 533 U.S. 289, 316 (2001). The statute must contain wholly unambiguous language that it applies retroactively.[10] For instance, a definition of "aggravated felony" that "applies expressly to 'convictions entered before, on, or after' the statute's enactment date" is sufficient to overcome the presumption.[11] But a statute's effective date or comprehensive nature may not rebut the presumption. *Id.* at 316–18.

---

[8] *Landgraf*, 511 U.S. at 265. (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 817, 855 (1990) (Scalia, J., concurring)).

[9] *See Perez Pimentel v. Mukasey*, 530 F.3d 321, 326 (5th Cir. 2008); *Kankamalage v. I.N.S.*, 335 F.3d 858, 862–63 (9th Cir. 2003).

[10] *St. Cyr*, 533 U.S. at 316 (quoting *Lindh v. Murphy,* 521 U.S. 320, 328 n.4 (1997)) (holding that the statutory language must be "so clear that it [can] sustain only one interpretation" favoring retroactivity).

[11] *Vartelas*, 566 U.S. at 267 (cleaned up) (quoting 8 U.S.C. § 1101(a)(43)).

No. 17-60529

The government attempts to sidestep Lopez Ventura's retroactivity claim by insisting that no statute or regulation was ever altered to apply to pre-enactment conduct. Not true: The list of controlled substances in the Code of Federal Regulations was changed to include AB-CHMINACA only after Lopez Ventura allegedly had possessed it. The timing of that change raises at least the specter of retroactivity, causing us to consider whether the addition of AB-CHMINACA was meant to apply retroactively.

There is no express statement of retroactivity in either the DEA's final order,[12] the regulation,[13] or the statutes authorizing the promulgation of the controlled-substance schedules.[14] Although the final order states it shall be "effective January 30, 2015," the mere presence of an effective date is insufficient to establish retroactivity. *See id.* at 317. If the statute was meant to extend retroactively, Congress could have specified that the addition of a drug would apply to convictions regardless of when the substance became controlled. Congress has not done so here.

The government yet contends that the Anti-Drug Abuse Act ("ADAA") contains an explicit statement of retroactivity for § 1182(a)(2)(A)(i)(II). In 1986, the ADAA amended § 1182's provisions on aliens convicted of controlled-substance crimes. In doing so, the ADAA stated that such amendments "shall apply to convictions occurring before, on, or after the date of the enactment of this section." Pub. L. 99-570, § 1751(c), 100 Stat. 3207-47 (1986). But that language is irrelevant. Though it establishes that the 1986 amendments were meant to apply retroactively, it says nothing about whether future additions to

---

[12] 80 Fed. Reg. 5042 (Jan. 30, 2015).

[13] 21 C.F.R. § 1308.11(h)(29) (effective Jan. 30, 2015, to Mar. 19, 2015); *id.* § 1308.11-(h)(21) (effective Mar. 20, 2015, to July 16, 2015).

[14] *See generally* 21 U.S.C. § 811 (authorizing the classification of controlled substances); 21 U.S.C. § 812 (listing the schedules of controlled substances).

the controlled-substance schedules would have retroactive effect. In the absence of any unambiguous language to the contrary, we therefore presume that the addition of AB-CHMINACA was not meant to operate retroactively.

Nevertheless, the government posits that the statutory language, categorical approach, and basic policy considerations overcome the presumption against retroactivity. As the government observes, § 1182(a)(2)(A)(i)(II) speaks in terms of convictions: "[A]ny alien *convicted of*" violating a state law relating to a controlled substance is inadmissible. (Emphasis added.) Because the INA "asks what offense the noncitizen was convicted of, not what acts he committed," courts employ the "categorical approach" when construing the statute.[15] That approach requires courts to look "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction . . . necessarily involved facts equating to the generic federal offense." *Moncrieffe*, 569 U.S. at 190 (cleaned up). In sum, the categorical approach reflects Congress's intent to "predicate[] deportations on convictions, not conduct." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (internal quotations omitted).

According to the government, to hold that the addition of a controlled substance does not apply retroactively would blow a hole through the otherwise well-structured categorical approach. As the government reasons, if courts must ask when the petitioner actually committed the crime, then they will go beyond comparing the elements of an offense and will look at the facts of conviction. And if courts ever engage in that inquiry, the government fears that aliens would have every incentive to contest the timing of the offense. Worse, conviction records may lack information on the date of commission, forcing the

---

[15] *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (citation omitted); *see also Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005).

No. 17-60529

BIA to conduct a mini-trial to identify the date of commission. The categorical approach, avers the government, would be reduced to ashes.

Standing alone, the categorical approach does not refute the presumption against retroactivity because it is only an expression of legislative intent. It exists merely because Congress has enacted statutes that call for such an approach. Though the categorical approach is longstanding,[16] it is not absolute, and there are circumstances in which statutory language requires deviating from that approach. *See Nijhawan v. Holder*, 557 U.S. 29, 36–39 (2009).

Conversely, the presumption against retroactivity applies absolutely as both a normative and descriptive canon of construction.[17] Embodying "a legal doctrine centuries older than our Republic," the presumption is grounded in numerous constitutional provisions from the Ex Post Facto Clause to the Due Process Clause. *Landgraf*, 511 U.S. at 265–66. It demands that in order to have retroactive effect, all congressional expressions—including the categorical approach—contain unambiguous statutory language.[18] Hence, though Congress intended that the categorical approach apply generally, Congress must also clearly express that deportations are predicated on convictions—not conduct—even where doing so works a retroactive effect.[19] Because this statute and accompanying regulation contain no such statement, the presumption

---

[16] *Moncrieffe*, 569 U.S. at 191 (noting that the categorical approach "has a long pedigree in our Nation's immigration law").

[17] *Landgraf*, 511 U.S. at 286 ("The presumption against statutory retroactivity is founded upon sound considerations of general policy and practice, and accords with long held and widely shared expectations about the usual operation of legislation.").

[18] *See Vartelas*, 566 U.S. at 266; *St. Cyr*, 533 U.S. at 315–16; *Lindh*, 521 U.S. at 324–25; *Landgraf*, 511 U.S. at 270, 273; *United States v. Heth*, 3 Cranch 399, 413 (1806); *see also Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 (5th Cir. 2007); *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 300 (5th Cir. 2002).

[19] *Cf. St. Cyr*, 533 U.S. at 317 (holding that the comprehensive nature of an immigration law is insufficient to overcome the presumption).

No. 17-60529

against retroactivity is not overcome.

Additionally, the government's concerns regarding the continued viability of the categorical approach are likely overblown. Although the list of controlled substances must often expand to accommodate criminals' ingenuity, most substances have already been controlled for years.[20] And the date of the offense will almost always appear in the charging document, which can be considered under the categorical approach. Thus, the number of situations implicating retroactivity are probably few. A finding of "no retroactivity" therefore is unlikely to disturb the future operation of the categorical approach.

### B.

Where a statute or regulation contains no express command of retroactivity, we must decide whether it would have retroactive effect. *See id.* at 280. That "demands a commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." *St. Cyr*, 533 U.S. at 321 (internal quotations omitted). A statute operates retroactively when it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. "[F]amiliar considerations of fair notice, reasonable reliance, and settled expectations" help guide the analysis. *Id.* at 270.

Lopez Ventura contends that because he possessed AB-CHMINACA before it was added to the schedules, charging him with inadmissibility under the INA attaches a new legal consequence to his possession. The government responds that the statute focuses on convictions, not the underlying conduct.

---

[20] *See, e.g.*, 21 C.F.R. § 1308.11(b) (listing all "opiates, including their isomers, esters, ethers, salts, and salts of isomers, esters and ethers").

10

Thus, the government insists that no retroactivity occurs where an addition to the federal schedules is applied to someone convicted after that addition. Moreover, the government maintains, Lopez Ventura could have sought to avoid the consequences of the addition of AB-CHMINACA by negotiating a favorable plea agreement or proceeding to trial.

The government's position is untenable, given that the Court has already considered and rejected very similar reasoning in *Vartelas*. That case involved a statutory change that precluded foreign travel by LPRs with certain convictions. *Vartelas*, 566 U.S. at 260. Although the petitioner had been convicted before the statutory amendment, he was denied reentry when he traveled after the amendment. *Id.* at 260–61. Dissenting, Justice Scalia maintained that retroactivity should turn on "the activity a statute is intended to regulate." *Id.* at 277 (Scalia, J., dissenting). Because the statute focused on "reentry into the United States," Justice Scalia found no retroactive application because the petitioner attempted to reenter after the statutory change. *Id.* at 277–78. Moreover, Justice Scalia noted that the petitioner could have avoided the consequences of the statutory amendment "by simply remaining in the United States or, having left, remaining [abroad]." *Id.* at 278.

That reasoning, in dissent, is strikingly similar to the government's here. Both Justice Scalia and the government would have us look at "what activity the statute regulates," be it reentry or a conviction. Both would ask whether the petitioner somehow could have avoided the consequences of the change in law. And both would have us find the absence of retroactivity where the relevant conduct occurred after the amendments.

But the Court disagreed, explaining that any disability that attached to the petitioner was a result of "a single crime committed years before" the statutory change. *Id.* at 267–72. Furthermore, the Court rejected the notion that

the petitioner "could have avoided any adverse consequences" of the amendment by "simply stay[ing] at home in the United States." *Id.* at 268.

In much the same way, Lopez Ventura was charged with inadmissibility because he possessed AB-CHMINACA—a crime committed before the addition of the drug to the schedules. Consequently, § 1182(a)(2)(A)(i)(II) operates retroactively in that it attaches a new disability (inadmissibility) to conduct completed before the regulatory change. It is purely irrelevant that Lopez Ventura might have avoided the adverse consequences of his possession by seeking a better plea deal or proceeding to trial.

Admittedly, the *Vartelas* Court did not squarely address whether retroactivity occurs when a new disability attaches to a defendant's conduct or conviction—as both occurred before the statutory change.[21] Nonetheless, whenever the Court has articulated the test for retroactivity, it has framed that test in terms of attaching new disabilities to "transactions or considerations already past,"[22] "conduct over and done,"[23] or "events completed before [the statute's] enactment."[24] Thus, for purposes of retroactivity analysis, it is the timing of the defendant's conduct, not of his conviction, that controls.

"[F]amiliar considerations of fair notice, reasonable reliance, and settled expectations" serve only to confirm that conclusion. *St. Cyr*, 533 U.S. at 321 (internal quotations omitted). When Lopez Ventura possessed AB-CHMINACA, he had no notice that such a crime carried the consequence

---

[21] *See also St. Cyr*, 533 U.S. at 326 (involving a defendant who was convicted before the statutory change); *Carranza-De Salinas v. Holder*, 700 F.3d 768, 774 (5th Cir. 2012) (same).

[22] *Landgraf*, 511 U.S. at 269 (internal quotation omitted).

[23] *Vartelas*, 566 U.S. at 267.

[24] *St. Cyr*, 533 U.S. at 321 (internal quotations omitted).

of inadmissibility. Although that disability attached only by virtue of his conviction, it was the act of possession that exposed him to conviction in the first place. Once he committed the crime, Lopez Ventura put himself on the path to conviction and any legal consequences that flowed therefrom. But at the time of the crime, he was not on notice that one of those legal consequences was inadmissibility.

Still, one might argue that notice considerations are not directly implicated where, as here, the defendant pleaded guilty, after the statutory change, with full knowledge of the legal consequences of his plea. Nevertheless, the Supreme Court has explicitly held that the absence of actual detrimental reliance is not determinative. *See Vartelas*, 566 U.S. at 273. It would be a "strange presumption . . . that arises only on a showing of actual reliance."[25] Accordingly, the test for retroactivity is not whether the petitioner actually relied on the prior law but, instead, "whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* (internal quotation omitted). Because the addition of AB-CHMINACA does so, it operates retroactively. And because § 1182(a)(2)(A)(i)(II) does not overcome the presumption against retroactivity, applying it to Lopez Ventura is impermissibly retroactive.

We therefore GRANT the petition for review, REVERSE the BIA's order, and REMAND for the BIA to address what it left unsettled: namely, whether Lopez Ventura was convicted of possession of marihuana or, instead, of AB-CHMINACA.

---

[25] *Vartelas*, 566 U.S. at 273 (cleaned up); *see also Carranza-De Salnias*, 700 F.3d at 772–73 (noting that "actual, subjective reliance" is not required to establish retroactivity).