IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 21, 2018 Session

## LAWRENCE B. HAMMET, II ET AL. v. WELLS FARGO BANK NA

**Appeal from the Circuit Court for Davidson County**
**No. 17C7     Russell T. Perkins, Chancellor**

———————————————————

### No. M2018-00352-COA-R3-CV

———————————————————

This is a residential foreclosure case. Homeowners appeal the trial court's dismissal of their claims regarding the foreclosure of their home under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Upon our review, we conclude that the Appellants' claims should not have been dismissed on a motion to dismiss. Accordingly, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Donald Capparella, Nashville, Tennessee, for the appellants, Lawrence B Hammet, II, and Mary B. Hammet.

Jonathan Cole and Brittany B. Simpson, Nashville, Tennessee, for the appellee, Wells Fargo Bank NA.

### MEMORANDUM OPINION[1]

———————————————

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I.    Background

This is an appeal of a residential foreclosure sale.  On a motion to dismiss, the trial court dismissed the homeowners' claims against their mortgage lender for its refusal to postpone a foreclosure sale.  Mary and Lawrence Hammett (Appellants) owned a house at 4206 Sneed Road in Nashville.  In July 2015 and in February 2016, Wells Fargo (Appellee) notified Appellants that they had defaulted under their note and deed of trust and issued notice of a foreclosure sale.  On both occasions, Appellants requested that the foreclosure sale be postponed to allow them time to pay the reinstatement fee.  Although Appellants possessed sufficient funds to pay the reinstatement fee, they feared they would not be able to withdraw the full amount from their 401(k) in time to meet the deadline for reinstatement.  On both occasions, Wells Fargo granted Appellants' request for an extension, and Appellants submitted the full amount of the reinstatement fee prior to the extensions granted.  Following payment by Appellants, Wells Fargo cancelled the foreclosure sales.

In October 2016, Wells Fargo notified Appellants that they were in default on their mortgage for a third time and scheduled a foreclosure sale for November 30, 2016.  Wells Fargo informed Appellants that they would need to pay $25,014.10 to reinstate their loan.  Although Appellants possessed the necessary amount of money in their 401(k) account, they again feared they would not have access to the funds until after the sale date, so they requested an extension.  Wells Fargo agreed to postpone the foreclosure sale to January 4, 2017, and notified Appellants that the new deadline for paying the reinstatement fee was December 30, 2016.  Wells Fargo also informed Appellants that the old reinstatement fee was no longer accurate and that a new fee had to be calculated to account for the added time.  For reasons not stated in the record, Wells Fargo did not provide the new reinstatement amount until mid-December.  The new reinstatement amount was $29,559.37, and the funds Appellants had previously withdrawn were not sufficient to pay the increased reinstatement amount.  In order to pay the charges in full, Appellants needed to withdraw additional funds from their 401(k), which would require a minimum of ten business days to process.

Appellants feared that they would not meet the December 30th deadline due to the Christmas and New Year's Day holidays, so they submitted a written request to postpone the January 4, 2017 sale to allow them time to access their funds.  Appellants also submitted a statement from their 401(k) account evidencing sufficient funds to pay the reinstatement fee.  When Appellants did not hear back from the bank, they followed up by telephone on December 22, 2016, and were informed that their request for postponement had been denied.  No explanation for the decision was given.  During a subsequent conversation, Wells Fargo informed Appellants that their last option to obtain a postponement of the foreclosure sale was to submit an executed contract for the sale of the property with documentation evidencing proof that the buyers possessed the necessary funds to close.  Appellants complied with this instruction and found a buyer

and submitted all the required documentation via facsimile to Wells Fargo on December 30, 2016.

On the morning of January 3, 2017, Appellants had not heard from Wells Fargo, so they resubmitted the documentation via facsimile. Shortly thereafter, Appellants called Wells Fargo to inquire about the status of their request for postponement and learned that their December 30th request had never been submitted to the appropriate department for review. Later that evening, despite their full compliance with Wells Fargo's instructions to obtain a postponement, Wells Fargo informed Appellants that their request to postpone the foreclosure sale had been denied. No further explanation was given. At approximately 9:30 a.m. on January 4, 2017, Appellants filed their initial complaint seeking an injunction against the sale. At 10:00 a.m., the sale took place as scheduled, and the Sneed Road property was sold to a third party for $562,000.00. At approximately 10:30 a.m., the trial court granted Appellants' request for a restraining order prohibiting Wells Fargo from conveying the property via foreclosure sale.

On January 9, 2017, Appellants filed their first amendment to their initial verified complaint asserting additional claims including (1) breach of deed of trust, (2) intentional misrepresentation, and (3) wrongful foreclosure. On February 24, 2017, Wells Fargo filed a motion to dismiss the complaint on all counts for failure to state a claim for which relief could be granted. On March 16, 2017, the trial court dismissed Appellants' action for failure to state a claim upon which relief can be granted.

During a subsequent hearing, the trial court determined that the March 16, 2017 order was not a final order. On April 6, 2017, Appellants filed a motion to file a second amendment to the complaint, or, in the alternative, a motion for permission for an interlocutory appeal. The trial court granted Appellants' motion to file a second amendment to their complaint by order dated October 20, 2017. On November 3, 2017, Appellants filed the second amended complaint adding claims for (1) breach of the agreement, (2) breach of the covenant of good faith and fair dealing, and (3) promissory estoppel. On November 16, 2017, Wells Fargo moved to dismiss the second amended complaint, arguing that the new claims added in the second amended complaint should fail as a matter of law. On January 29, 2018, the trial court issued a final order dismissing the second amended complaint for failure to state a claim upon which relief could be granted. Appellants appeal.

## II.     Issues

Appellants raise three issues for review as stated in their brief:

1.      Did the trial court err in dismissing the [Appellants'] claim that the [Appellee] breached its implied duty of good faith and fair dealing where the [Appellee] interfered with the [Appellants'] contractual

- 3 -

right to reinstate their loan by waiting several weeks to notify [Appellants] of the reinstatement amount they needed to pay in order to cure their default, leaving them with an insufficient number of business days to withdraw the funds necessary to make the payment?

2. Did the trial court err in dismissing the [Appellants'] claim for promissory estoppel where the [Appellee] failed to honor its promise to cancel the foreclosure sale upon receipt of a contract for the sale of the property with proof of the buyer's ability to pay?

3. Did the trial court err in dismissing the [Appellants'] claim for promissory estoppel where the [Appellee] implicitly agreed through pattern and practice to postpone a foreclosure sale when provided with proof of the [Appellants'] ability to pay their reinstatement fee?

## III. Standard of Review

A motion to dismiss based upon Tennessee Rule of Civil Procedure 12.02(6) requires a court to determine if the pleadings state a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6); *Cullum v. McCool,* 432 S.W.3d 829, 832 (Tenn. 2013). A Rule 12.02(6) motion challenges "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 426 (Tenn. 2011); *Highwoods Props., Inc. v. City of Memphis,* 297 S.W.3d 695, 700 (Tenn. 2009). A defendant filing a motion to dismiss "admits the truth of all the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action." *Brown v. Tenn. Title Loans, Inc.,* 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 516 (Tenn. 2005)). The resolution of such a motion is determined by examining the pleadings alone. *Webb*, 346 S.W.3d at 426; *Leggett v. Duke Energy Corp.,* 308 S.W.3d 843, 851 (Tenn. 2010); *Trau-Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn. 2002).

In adjudicating such motions, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Webb*, 346 S.W.3d at 426 (quoting *Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31-32 (Tenn. 2007)); *Cullum,* 432 S.W.3d at 832. A motion to dismiss should be granted only if it appears that "the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 857 (Tenn. 2002); *see Lanier v. Rains,* 229 S.W.3d 656, 660 (Tenn. 2007). Tennessee jurisprudence on this issue "reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits...." *Cullum,* 432 S.W.3d at 832 (quoting *Webb,* 346 S.W.3d at 437). As such, these motions are not favored and are rarely granted in light of the liberal pleading

standards in the Tennessee Rules of Civil Procedure. ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992); ***Barish v. Metropolitan Government***, 627 S.W.2d 953, 954 (Tenn. Ct. App. 1981). We review a lower court's decision on such a motion de novo without any presumption of correctness. ***Phillips v. Montgomery Cty.***, 442 S.W.3d 233, 237 (Tenn. 2014).

## IV.    Analysis

### A.    Waiver

As a preliminary matter, we must address Appellee's argument that Appellants waived their claim regarding promissory estoppel, which was based on Appellee's promise to cancel the foreclosure sale upon receipt of a signed contract for sale of the property with proof of the buyer's ability to pay. Appellee argues that Appellants failed to properly plead this theory in any of their filings.

To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations. Rule 8 of the Tennessee Rules of Civil Procedure contains the general rules of pleading and has been construed "so as to minimize the role of pleadings in civil litigation and to de-emphasize technicalities in favor of decisions on the merits." ***Millen v. Shelby Cty. Dist. Attorney Office***, No. W2011-00303-COA-R3-CV, 2011 WL 3246000, at *4 (Tenn. Ct. App. July 29, 2011) (quoting Banks & Entman, Tennessee Civil Procedure § 5-4(a) (3d ed. 2009)). Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state "the facts upon which a claim for relief is founded." ***Smith v. Lincoln Brass Works, Inc.***, 712 S.W.2d 470, 471 (Tenn. 1986) (quoting ***W & O Constr. Co. v. City of Smithville***, 557 S.W.2d 920, 922 (Tenn. 1977)). Rule 8.01 has not been amended and still only requires "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." ***Webb*** 346 S.W.3d at 437. A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." ***Abshure v. Methodist Healthcare-Memphis Hosp.***, 325 S.W.3d 98, 103-04 (Tenn. 2010). "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level." ***Id.*** at 104.

This Court has previously defined a claim as denoting "the aggregate of operative facts which give rise to a right enforceable in the courts." ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.***, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), *no perm. app.* (quoting ***McIntyre v. First Nat'l Bank of Cincinnati***, 585 F.2d 190, 191 (6th Cir. 1978)). Thus, "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." ***Id.*** (quoting ***Liberty Mut. Ins. Co. v. Wetzel***, 424 U.S. 737, 744, 96 S. Ct. 1202, 47 L.Ed.2d 435 (1976)). As a

general rule, issues addressed by the appellate courts should be limited to those that have been raised and litigated in the lower courts, **Baugh v. Novak**, 340 S.W.3d 372, 381 (Tenn. 2011); *see* **Pugh's Lawn Landscape Co. v. Jaycon Dev. Corp.**, 320 S.W.3d 252, 260 (Tenn. 2010); **Powell v. Cmty. Health Sys., Inc.**, 312 S.W.3d 496, 511 (Tenn. 2010).

Although Tennessee case law does not address the exact level of specificity required for an issue to be raised in the trial court, the Tennessee Supreme Court has stated that "[d]etermining whether parties have waived their right to raise an issue on appeal should not exalt form over substance." **Powell,** 312 S.W.3d at 511. The fact that the party phrased the question or issue in the trial court in a different way than it does on appeal does not amount to a waiver of the issue. **Fahrner v. SW Mfg., Inc.**, 48 S.W.3d 141, 143 n. 1 (Tenn. 2001) (noting that "the failure to use the right label does not result in a waiver"). "Appellate courts must carefully review the record to determine whether a party is actually raising an issue for the first time on appeal." **First Community Bank, N.A. v. First Tennessee Bank, N.A.**, 489 S.W.3d 369, 402 (Tenn. 2015) (quoting **Powell,** 312 S.W.3d at 511).

The United States Supreme Court has provided guidance on what is necessary to avoid waiver. In **Yee v. City of Escondido**, 503 U.S. 519 (1992), a case involving a city's taking of private property, the petitioners argued before the trial court that the city's actions constituted a physical taking. **Id.** at 534. By the time the case reached the Supreme Court, the petitioners revised their argument to include a regulatory taking in addition to the physical taking. **Id.** The Supreme Court opined:

> Once a . . . claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below. **Bankers Life & Casualty Co. v. Crenshaw,** 486 U.S. 71, 78, n. 2, 108 S. Ct. 1645, 1650, n. 2, 100 L.Ed.2d 62 (1988); **Gates,** *supra,* 462 U.S., at 219-220, 103 S. Ct., at 2322-2323; **Dewey v. Des Moines,** 173 U.S. 193, 197-198, 19 S. Ct. 379, 380-381, 43 L. Ed. 665 (1899). Petitioners' arguments that the ordinance constitutes a taking in two different ways, by physical occupation and by regulation, are not separate *claims.* They are, rather, separate *arguments* in support of a single claim. . . . Having raised a . . . claim in the state courts, therefore, petitioners could have formulated any argument they liked in support of that claim here.

**Id.** at 534-35.

With the foregoing in mind, we turn to consider whether Appellants pled promissory estoppel in their complaints. In their second amendment, Appellants clearly state a claim for promissory estoppel. Their pleading details their argument for promissory estoppel on the ground that Appellee implicitly agreed to postpone the foreclosure sale upon receipt of proof of the Appellants' ability to pay the reinstatement

- 6 -

fee. Additionally, paragraph 11 of the initial verified complaint for injunctive relief and for damages alleged the following facts:

> A Wells Fargo Home Mortgage representative informed [Appellants] the last option available to postpone the foreclosure sale would be the submittal of documentation representing an executed contract for the sale of the property along with documentation evidencing proof of funds were available to the buyers to complete and close the sales contract for the property. The Wells Fargo representative provided explicit instruction as to how the request and supporting information for the private sale of the property was to be submitted. The Wells Fargo representative confirmed when the information was received it would be immediately presented to the department in charge of reviewing the request and package of information. In following the instructions from Wells Fargo, [Appellants] submitted a copy of the executed contract to sell the property along with the buyer's proof of funds by facsimile to Wells Fargo at approximately 3:49 p.m. central time on December 30, 2016.

Appellants attached as exhibits all of the documents required by Wells Fargo including an executed contract offering to buy Appellants' home for $700,000. Although Appellants set forth very specific facts regarding the executed contract for sale, these facts are not restated in connection with their claim for promissory estoppel. Rather they are referred to as if set out in full under the promissory estoppel heading of the second amendment to the complaint. In *Yee*, the Supreme Court concluded that "[a] litigant seeking review in this Court of a claim properly raised in the lower courts thus generally possesses the ability to frame the question to be decided in any way he chooses, without being limited to the manner in which the question was framed below." *Yee,* 503 U.S. at 535. Therefore, we conclude that Appellants offered alternative theories in pursuit of recovery on the basis of promissory estoppel, and that they properly raised the issue of promissory estoppel in the trial court below.

Appellee also argues that Appellants waived their claim that Wells Fargo "breached its implied duty of good faith and fair dealing where [Appellee] interfered with [Appellant's] contractual right to reinstate their loan" by waiting several weeks to provide the reinstatement amount needed to cure the default. Like the claim for promissory estoppel, Appellee alleges that Appellants failed to properly plead this claim. With regard to the breach of the covenant of good faith and fair dealing, Appellants' factual allegations regarding this claim in their initial complaint were very detailed. Appellants further averred in their second amended complaint that the Agreement between the parties establishes the agreed upon procedure for rescheduling a foreclosure sale and that Wells Fargo's refusal to honor the terms of the Agreement was without any basis and "stands as Wells Fargo's breach of its implied covenant of good faith and fair dealing with respect to the Agreement." Using the *Yee* analysis detailed above, we conclude that

Appellants properly raised the breach of the covenant of good faith and fair dealing as a claim in the trial court.

### B.     Dismissal Under Tennessee Rule of Civil Procedure 12.02(6)

In this case, we must determine whether Appellants' claims were properly dismissed on motions under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Rule 12.02 of the Tennessee Rules of Civil Procedure states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing:
> ***
> (6) failure to state a claim upon which relief can be granted
> ***
> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.02.

Here, the trial court dismissed the case under Rule 12.02(6) and did not treat it as a motion for summary judgment. There are exceptions to the general rule that a court must convert a Rule 12.02(6) motion to a motion for summary judgment if the court considers matters outside the pleadings. *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Apr. 13, 2017). Courts resolving a motion to dismiss may consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case ... without converting the motion into one for summary judgment." *Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at *4 (Tenn. Ct. App. June 9, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016) (quoting *Ind. State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009)); *see also Cochran v. City of Memphis,* No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at *2 (Tenn. Ct. App. Mar. 19, 2013) (concluding that consideration of the existing complaint, a prior complaint, and various orders did not require conversion to a motion for summary judgment).

The record indicates that the parties submitted documents for consideration by the trial court, including an adjustable rate note, a deed of trust, an executed contract for sale,

buyer's proof of funds to close, correspondence dated January 3, 2017 from Appellee stating that Appellants' request for postponement to consider the sales contract was under review, and purchase documents from the foreclosure sale. The trial court did not state expressly or by implication what documents were considered in making its decision to dismiss Appellants' claims. The plain language of Rule 12.02 states that if "matters outside the pleadings are presented to and *not excluded* by the court, the motion *shall* be treated as one for summary judgment." Tenn. R. Civ. P. 12.02 (emphasis added). It is unclear from the record in this case what matters outside the pleadings were considered by the trial court. Considering the many findings contained in the trial court's orders granting the motion to dismiss, we conclude that the orders entered by the trial court are more akin to an order on summary judgment rather than an order on a motion to dismiss.

> Rule 56.04 of the Tennessee Rules of Civil Procedure states in relevant part:
>
> Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Tenn. R. Civ. P. 56.04; ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015); ***Martin v. Norfolk Southern Railway Co.****,* 271 S.W.3d 76, 83 (Tenn. 2008). In order to assist the court in ascertaining whether there are any material facts in dispute, Rule 56.03 sets out an orderly process for organizing and dealing with the evidence presented in connection with a summary judgment motion, which includes submission by the moving party of "a concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. The rule also allows the opposing party to file a response as to each fact asserted by the moving party and to submit his own statement of additional facts that he or she asserts are material. *Id.* To that end, Appellants should have been allowed a reasonable opportunity, prior to the hearings on the Rule 12.02(6) motions, to pursue discovery in order to obtain information made pertinent by a summary judgment motion. *See **International Merchant Services, Inc. v. ATM Central, LLC***, No. W2003-00849-COA-R3-CV, 2004 WL 170392 (Tenn. Ct. App. 2004) (dismissal of complaint pursuant to Rule 12.02(6) reversed because trial court considered extraneous evidence, but did not treat the motion in accordance with the procedures for summary judgment). Also, the parties in this case should have been afforded a reasonable opportunity to present memoranda in support of or in opposition to a motion for summary judgment along with statements of undisputed material fact and any other supporting documentation. Only after such information and documentation is obtained can the trial court make an intelligent ruling as to whether disputes of material fact exist and whether either of the parties is entitled to summary judgment as a matter of law. For the purposes of granting the parties this opportunity, the case should be remanded to the trial court.

## V.     Conclusion

For the foregoing reasons, the orders of the trial court granting Appellee's motions to dismiss are reversed, and the case is remanded to the trial court for such further proceedings as may be necessary.  Costs of this appeal are assessed against the Appellee, Wells Fargo Bank, NA, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE